Howard, J.
The appellant, who is a physician, was driving south on South Fourteenth street, an unimproved street in the city of Terre Haute, when the right front wheel of his buggy struck a hitching post and he was thrown out and severely injured. In the special verdict returned by the jury, the street was found to be fifty feet in width and the post to be located six and one-half feet east of the west line of the street. The post was three and one-half inches square and three and one-half feet high, with a ring in the top for hitching horses. At the time of the accident the post had been in place for about six years. On the east side of the street there was a little pool of mud and water about two inches deep, also some tin cans and other slight obstructions; but the jury found that the position of the post did not render the way along the street impassable; that there was room to pass without going against the post; that there was, between the post and the east fence, a space of twenty feet, “over which one could have safely and securely driven with a buggy.” There were at the time two traveled tracks along the street. The one most in use, and that along which appellant drove, was on the west side of the street, and ran within a foot of the post. Near by were some weeds, but not so high as the post, nor such as to obstruct it from the view of one going along the street. The time of the accident was between twelve and one o’clock on the afternoon of November 8,1894. The day was clear and appellant’s eyesight good. The jury find that one driving along there at the time, and looking where he was driving, could see the top of the *556 post; but they find that appellant was then looking “immediately over his horse,” and was not “looking to see where he was driving at the time he struck the hitching post.” The edge of the pool of water was about nine feet from the post, and as the horse approached that point he shied from the water, and so caused the buggy wheel to strike the post, and thus brought about the injury to appellant.
Many other findings are made by the jury, but we think we have stated all that are material to show how the accident was brought about. Counsel for appellant contend that the facts found show that he was injured without his own fault and solely by reason of the negligence of the city.
The negligence charged against the city is, that it suffered the hitching post in question to be placed and to remain where appellant’s buggy came in contact with it. The post was set within six and one-half feet of the property line, that is, within the space usually allowed for a sidewalk on a street of this width. The findings show that the city, in preparing for the improvement of this street, had- adopted plans and specifications which provided for a roadway thirty feet in width, with sidewalks each ten feet wide. Had the work been completed at the time of the accident this hitching post would, therefore, have been within the sidewalk and three feet and a half from the edge of the roadway. It would seem, consequently, that if any hitching post were permissible anywhere along either side of the street, the post in question could not be considered as improperly located. Certainly, however, a hitching post properly located cannot be held to be an unlawful obstruction in a street. Instead of being looked upon as an obstruction, it must rather be regarded as an accommodation to public travel.
Of course, a post may be so set in a street as to be *557 come an unlawful obstruction. Such was that in the case of Town of Fowler v. Linquist, 138 Ind. 566, cited by appellant. There, a fence had been unlawfully built across a street, and when it was afterwards removed one of the fence posts was.left out in the street. There was no claim that the post stood at the edge of the sidewalk or that it was left for a hitching post or for any other lawful purpose. The controversy in that case was as to whether the street itself was a public highway.
Even upon unimproved streets the distinction between the roadway and the sidewalk is to be observed. The statute, section 4398, Burns’ R. S. 1894 (3361, R. S. 1881) recognizes sidewalks even upon ordinary highways, and makes it unlawful to ride or drive, not only upon a sidewalk of any town or village, but also “upon any similar sidewalk for the use of foot-passengers by the side of any public highway in this State, unless in the necessary act of crossing the same.”
It is only reasonable that those who drive along a street in carriages or other vehicles should not deprive travelers on foot from the use of a narrow pathway on each side, where they may walk in safety from teams,, and free from the mud of the roadway; and six feet and a half on each side of a fifty-foot street does not seem too great a space for such a use. And if such a space is not too great for the use of foot passengers, surely it cannot be unlawful to set a hitching post at the edge of such a walk. If the driver of the vehicle had no right to go upon the sidewalk, it is clear that he could not complain of the hitching post within that space. In the present case it would seem that it was rather the foot-passenger, if anyone, who might complain that the post encroached too far upon his walk. The proper place for the post is just at the edge of the sidewalk and within the space where the curb should *558 be, thus marking the line between the roadway and the sidewalk, and being an obstruction to neither foot-passengers nor drivers of vehicles, but a protection to one and a convenience to the other.
Whether a hitching post is so placed as to be an obstruction in a street, must therefore be a question of fact in each case. In the case at bar, the jury have found expressly that, taking into consideration the surrounding circumstances and the condition of the street, the hitching post in question, at the point where it was located, was not “an unreasonable obstruction for travel at said point at the time plaintiff met with his accident.” While it may be, as counsel contend, that this was a conclusion to be drawn by the court rather than by the jury, yet the jury have also found the particular facts and circumstances on which the conclusion is based, and these facts and circumstances show, as we think, that the conclusion reached was a proper and just one.'
Moreover, even if it could be said that it was negligence on the part of the city to allow the post to remain in the street, we do not think the facts found show that the appellant was himself free from negligence contributing to his injury. It is true that the jury drew the conclusion that the appellant was “exercising ordinary care in driving his buggy at the time he received the injury.” But they also find, as against this conclusion, that there was nothing to prevent him from seeing the post; that it was not raining; that it was midday; that his eyesight was good; that there was a space of twenty feet between the post and the east side of the street over which he could have safely and securely driven; that he could have seen the hitching post “while approaching the same from the north, if he had been looking and using his natural senses;” and that he was not “looking to see where he *559 was driving at the time he struck the hitching post.” It is true that he did not know of the existence of the post, that he was not acquainted with the street, and that he was in a hurry to reach a very sick patient; but we do not think those circumstances excused him from watching the way before him. Coming to the nine-foot space between the water and the post, he ought to have known that his horse was liable to shy from the track. He may not have been to blame for the shying of his horse, but he was to blame for any consequences, which he ought to have foreseen and which he might have guarded against and avoided. We are to remember, in this connection, that on the trial the burden was upon appellant to show his own freedom from negligence. This we do not think he has done. The facts found rather show negligence than want of negligence on his part.
Judgment affirmed.