## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* ALDRIDGE.

[No. 3,466.   Filed October 29, 1901.]

CARRIERS.—*Presumption of Negligence.*—The presumption of negligence which arises against a carrier when injury is suffered by one passively relying upon it to transport him to his destination does not exist where the voluntary movement of the passenger contributed to the injury.  *p. 500.*

SAME.—*Icy Car Steps.—Injury to Passenger while Alighting from Car.*—Plaintiff entered defendant's suburban train from the rear platform of rear car.  Such platform and the steps leading thereto were at the time covered with snow and ice, which fact was known to plaintiff.  After a ride of six or seven minutes, plaintiff reached his destination, and, in endeavoring to alight from same platform, fell upon the icy steps and was injured.  The conductor, as was his custom, stood at the front platform of the car to assist passengers on and off.  Plaintiff had been a frequent passenger on the train, and was familiar with the custom.  *Held,* that plaintiff was guilty of contributory negligence which precluded recovery.  *pp. 498-501.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by John Aldridge against the Pittsburgh, etc., R. Co.   From a judgment for plaintiff defendant appeals. *Reversed.*

*S. Stansifer* and *M. Z. Stannard,* for appellant.
*H. A. Burtt* and *J. E. Taggart,* for appellee.

ROBY, J.—This action was brought by appellee against the appellant, a common carrier of passengers, to recover damages on account of injury alleged to have been caused by its negligence in failing to remove accumulated ice and snow from the platform of a car in which appellee was transported from Louisville, Kentucky, to Ohio Falls, Indiana. A general verdict for $500 in favor of appellee was returned with answers to interrogatories.  Motions for judgment, notwithstanding the general verdict, and for a new trial, were overruled, and judgment rendered upon the verdict.  The

negligence relied upon is charged in the following terms: "That on the 30th day of January, 1899, and prior to the time plaintiff entered defendant's car as aforesaid, it had been raining and snowing, and the weather on said day being cold and freezing the defendant carelessly, negligently, and without plaintiff's knowledge, allowed snow and water to accumulate and freeze on the steps of said car, rendering the same slippery, dangerous, and unsafe, on account of said snow and water freezing on the steps of said car, on which plaintiff was riding."

The jury in answer to interrogatories, without conflict, find facts as follows: Appellant ran its cars from Fourteenth street to New Albany and intermediate points every half hour; an interval of ten minutes intervened between the departure and arrival of trains; Ohio Falls was distant from Fourteenth street 5,000 feet, and "four squares"; the time occupied between the points was six or seven minutes; the appellee took passage on a train containing two passenger cars; he got on at the rear end of the rear car; it had been snowing "recently before plaintiff boarded said train"; the rear steps of said coach were slippery because of snow and freezing when he boarded said coach; the rear platform was not slippery at that time; additional snow and ice accumulated on the steps while the car was being run to Ohio Falls; the rear steps were slippery because of snow and ice when he left the car at Ohio Falls; the rear platform was not; he had ridden on appellant's trains almost daily for ten or twelve years prior to that time; he was familiar with its method of operating its trains and with its rules for discharging its passengers; it was the practice of its conductors to be at the front end of the rear car, at Ohio Falls, to assist passengers on and off the train; appellee knew of the custom; the conductor was at such place at the time appellee alighted; it was not the custom to have an employe at the rear end of the coach, and none was there; the station was announced by the brakeman, who, while doing so, walked

towards the front end of the car; the appellee, when the station was announced, got up and walked to the rear end of the car; after the train stopped he went on the rear platform, and was in the act of getting off when he fell; the place at which he alighted was not on the cinder platform provided by appellant, but several feet south of the south end.

The presumption of negligence, which arises against the carrier, when injury is suffered by one passively relying upon it to transport him to his destination, does not exist where the voluntary movement of the passenger contributed to the injury complained of. *Pennsylvania Co.* v. *Marion,* 104 Ind. 239, 241; *Dresslar* v. *Citizens St. R. Co.,* 19 Ind. App. 383, 385; *Fearn* v. *West Jersey Ferry Co.,* 143 Pa. St. 122, 13 L. R. A. 366.

Appellant was not responsible for the storm. It was not required to prevent snow falling upon the steps of its car. In certain seasons and times the presence of ice and snow upon such exposed places is unavoidable.

The allegation of the complaint quoted means that appellant neglected to remove the accumulation after it had had reasonable time and opportunity to do so. It was not responsible for damages produced by the elements until a dangerous condition had been created and reasonable opportunity to rectify it been given. The care required is to be determined by the circumstances of each case. The measure of the duty of the appellant was similar, if not identical, with that of a municipality in keeping its sidewalks safe. Ray's Imposed Duties, §36; *Palmer* v. *Pennsylvania Co.,* 111 N. Y. 488, 2 L. R. A. 252; *Kelly* v. *Manhattan R. Co.,* 112 N. Y. 443, 3 L. R. A. 74.

It was a question of fact as to whether, under all the circumstances proved, the ice had been allowed to remain an unreasonable time. *Neslie* v. *Railway Co.,* 113 Pa. St. 300, 303, 6 Atl. 72. The general verdict finds this issue for appellee. The interrogatories and their answers do not show when the ice was deposited on the steps.

It requires an inference, which can not be indulged as against the general verdict, to determine that it was deposited by the storm then raging. It must therefore be held in accordance with appellee's theory and claim that the ice had been negligently permitted to accumulate before he took passage for Ohio Falls.

It is averred in the complaint that appellee had no notice of such conditions. It is found by the jury that he had full knowledge thereof. It is averred in the complaint that the appellee was without fault or negligence. It is shown by the answers to the interrogatories that he knew the ice was on the steps when he took passage. He knew that it was then snowing. He had as good an opportunity to know of any additional snow deposited during the six or eight minutes occupied by his trip as appellant had. He knew that appellant had provided assistance at the front platform to enable him safely to leave the car. The substance of the finding is that he was invited to alight from the front platform, and refused to do so. The cinder platform did not extend so far back as he choose to go. With his eyes open, and with as much knowledge as the appellant had, appellee deliberately used the ice covered step. He maintains that the appellant was negligent in permitting any one to use it.

Where the facts are undisputed and but one conclusion can be drawn therefrom the question of contributory negligence becomes one for the court. *City of Indianapolis* v. *Cook*, 99 Ind. 10. A person, presumably of mature years, and in possession of his faculties, who deliberately walks into a place which upon his own hypothesis was one of known danger, which he could not only have avoided but which he refused to avoid when requested to do so, casts himself upon the obstruction and must bear the loss. *City of Indianapolis* v. *Cook*, 99 Ind. 10; *Town of Gosport* v. *Evans*, 112 Ind. 133, 2 Am. St. 164; *Weinstein* v. *City of Terre Haute*, 147 Ind. 556; *Town of Salem* v. *Walker*, 16 Ind. App. 687.

Appellant has presented some argument upon the question of proximate cause maintaining that a negligent accumulation of ice on the step was not the cause of the fall. The question is one of fact capable of demonstration, and will not, in view of the conclusion reached, be considered.

Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for judgment notwithstanding the general verdict.