## JAMES P. RILEY *vs.* RHODE ISLAND COMPANY.

### APRIL 10, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Common Carriers.   Removal of Snow and Ice.*

A railroad company is not responsible for the existence of ice or snow upon the steps of its cars until it has had sufficient time and opportunity, consistently with its duty to transport its passengers, to remove the accumulation.

Plaintiff was injured in descending from a street car by slipping from the step. A snowstorm had commenced the night before, and, with intermissions of rain, continued during that day, the average temperature being below freezing.  Before starting on the trip the conductor had removed from the step such snow and ice as had accumulated, but after starting, ice or snow had been deposited on the step by the feet of passengers, and so remained in considerable mass when plaintiff alighted:—

*Held,* that defendant was not under any duty to prevent the steps of its cars from becoming slippery by the ingress of passengers during the passage of the car along its route.

*Held,* further, that the prevalence of stormy weather and a freezing temperature imposes upon a passenger an extra degree of care in alighting from a car.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff, and overruled.

DOUGLAS, C. J.   On the first day of March, 1907, the plaintiff, in descending from a street car operated by the defendant, slipped from the step of the car and fell, and was injured.  A snowstorm had commenced the night before, and, with intermissions of rain, continued during that day.  The average temperature until after the accident was below the freezing point.

(1) It appeared in evidence that before starting upon the trip on which the accident occurred the conductor had removed from the step such snow and ice as had accumulated there, but that, after starting from the terminus of the route, ice or snow had been deposited on the step, by the feet of incoming passengers, and so remained in considerable mass when the plaintiff placed his foot upon it in alighting. He testifies that before stepping down he saw the snow and ice there, but used due care in descending.

Upon these facts the Superior Court held that no negligence on the part of the defendant had been shown, and directed a verdict for the defendant.

To this direction the plaintiff excepted, and the case is before us upon the bill of exceptions based thereon.

We think the verdict was rightly directed.

The legal principles affecting the responsibility of a railroad company with respect to the removal of snow and ice from the platform and steps of its cars are well stated in *Palmer* v. *The Pennsylvania Co.*, 111 N. Y. 488, 493, 495, where it is said, by Ruger, C. J.: "The immediate and continuous removal of all snow and ice from such trains, or the covering of them with sand or ashes in such manner that no slippery places shall be at any time exposed, would be quite impracticable and beyond the duty which a railroad owes to its passengers. The presence of snow or ice upon exposed places on moving cars is an accident of the hour, and no ordinary diligence could, during the prevalence of a storm, wholly remove its effects from the places exposed to its action, so as to prevent accidents to heedless and inattentive travelers. A passenger on a railroad train has no right to assume that the effects of a continuous storm of snow, sleet, rain or hail will be immediately and effectually removed from the exposed platform of the car while making its passage between stations, or the termini of its route, and it would be an obligation beyond a reasonable expectation of performance to require a railroad corporation to do so. . . . It is safe to say that such corporations should not be held responsible for the dangers produced by the elements until they have assumed a dangerous form, and

they have had a reasonable opportunity to remove their effects." This case is approved in *Kelly* v. *Manhattan Ry. Co.*, 112 N. Y. 443.

In *Fearn* v. *West Jersey Ferry Co.*, 143 Pa. St. 122, 128, the court say: "It is well known that rain or snow, falling upon the sidewalks of a town or city, the steps and platform of railway cars, and the decks of ferry-boats, will render them slippery and consequently more difficult to walk upon. But it is not practicable to absolutely prevent this condition while the rain or snow is falling, and the mere existence of it during the storm which causes it, raises no presumption of negligence on the part of the municipality, the railway, or ferry company."

To the same effect are *Pittsburgh, etc. Ry. Co.* v. *Aldridge*, 27 Ind. App. 498; *Rusk* v. *Manhattan Ry. Co.*, 46 N. Y. App. Div. 100.

The cases cited by the plaintiff do not deny the rule that a railroad company is not responsible for the existence of ice or snow upon the steps of its cars until it has had sufficient time and opportunity, consistently with its duty to transport its passengers, to remove the accumulation; but they present circumstances where the opportunity to remove the ice or snow was neglected.

Thus in *Foster* v. *Old Colony Street Railway*, 182 Mass. 378, the route was short and there had been a stop of fifteen minutes at the terminus, during which it appeared that no effort had been made to remove the snow, and also facilities were shown to have covered the snow or ice with sand which there was evidence had been neglected. The court say, page 380: "The jury were warranted in finding that under the circumstances of this case the defendant could have prevented and had undertaken to prevent the open steps of this car from being slippery when the plaintiff alighted from it."

In *Gilman* v. *B. & M. R. R. Co.*, 168 Mass. 454, it was held that the jury were warranted in finding that the snow and ice were on the steps of the car before it left the station, and the cases of *Palmer* v. *Penn. Ry. Co.*, 111 N. Y. 488, and *Kelly* v. *Manhattan Ry.*, 112 N. Y. 443, are distinguished.

In *Neslie* v. *Passenger Railway Co.*, 113 Pa. St. 300, the

evidence was held sufficient to show that the ice had been allowed to remain from the day before.

In the case at bar we think it would be unreasonable to hold that it was the duty of the defendant corporation to prevent the step from becoming slippery by the ingress of passengers during the passage of the car along its route. In a climate such as ours the effectual performance of such a duty would at times cause serious inconvenience to the travelling public, and during the continuance of a storm would be impossible. The prevalence of stormy weather and a freezing temperature imposes upon a passenger an extra degree of care which he can not expect the carrier to save him from. He must bear his share of the burden of "the inconstant year."

The plaintiff's exception is overruled, and the cause is remitted to the Superior Court for judgment upon the verdict.

*James A. Williams*, for plaintiff.

*Henry W. Hayes and Alonzo R. Williams*, for defendant.