NICHOLAS CASALE, RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, APPELLANT.

Submitted January term, 1932—Decided April 26, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Henry H. Fryling* (*William F. Vosseller,* of counsel).

For the respondent, *Max Robert Wecker* (*Julius Seiden,* of counsel).

PER CURIAM.

The plaintiff below fell on a banana peel on the floor of one of the defendant's buses and was injured. He brought suit to recover damages for the injuries received. There was a verdict and judgment in his favor in the District Court and the defendant appeals, contending that there should have been a nonsuit or the direction of a verdict in its favor.

It would appear that the banana peel was observed on the floor of the bus by another passenger before the accident happened, but during the course of the trip; just how long before or what distance from the point in the trip where the

accident happened does not appear. The defendant's proofs established that there had been an inspection of the bus by the driver before the trip began and that at that time anything on the floor was removed and thrown out. The banana peel was presumably dropped by some passenger on this particular trip.

Upon these facts we think the case is controlled by *Proud* v. *Philadelphia and Reading Railroad Co.*, 64 *N. J. L.* 702; 46 *Atl. Rep.* 710, and *Hunter* v. *Public Service Railway Co.*, 105 *N. J. L.* 300; 144 *Atl. Rep.* 305. There was no proof of knowledge in the driver of the presence of the peel on the floor, nor was there proof that it had been there for such a length of time as to impute notice to the driver.

The company is not required to keep up a continuous inspection. The driver of the bus, after the trip began, had other duties demanding his constant attention and the presence of a banana peel dropped by a passenger in the course of a trip, unless reasonable opportunity of inspection during the trip were afforded, could hardly be sufficient to charge the defendant with negligence. It was so held in *Palmer* v. *Pennsylvania Co.*, 111 *N. Y.* 488, and *Riley* v. *Rhode Island Co.*, 69 *Atl. Rep.* 338. We think the case should have been controlled by the court and a verdict directed in favor of the defendant.

The judgment is reversed.