SWENNES, Appellant, vs. CITIZENS STATE BANK OF RICE LAKE, Respondent.

*October 10—November 4, 1919.*

*Banks and banking: Liability for release of mortgage by cashier.*

Where plaintiff, knowing that the cashier of the defendant bank carried on a private loan business, purchased from him a thousand-dollar mortgage, receiving an assignment which he did not record and of which he and the cashier alone had knowledge, and afterwards the cashier, on receipt of $1,000 from the purchaser of the mortgaged premises, released the mortgage of record, paid the bank the amount of a second mortgage on the property, and deposited the balance to his private checking account, which he shortly thereafter overdrew, the bank was liable to the plaintiff for only the amount ·it received in satisfaction of its mortgage. ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Barron county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action to recover the sum of $956.36 damages because of the unauthorized release of plaintiff's mortgage by one Sewell A. Peterson, cashier of the defendant. The court found that Peterson, to the knowledge of plaintiff, carried on a private loan business from which he alone individually profited; that plaintiff bought a mortgage for $1,000 from him on property belonging to one Howard, executed to Peterson as mortgagee, and of which plaintiff had an unrecorded assignment, the existence of which was known to Peterson and plaintiff alone. Plaintiff had dealt with Peterson for some time past, and it was the usual custom between them to leave the assignments unrecorded and for

Peterson to make collections of principal and interest for plaintiff and to satisfy such mortgages in his own name when paid. Howard desired to sell a lot being a portion of the premises covered by the mortgage, and he and the purchaser went to the bank and saw Peterson about releasing the lot from the lien of the mortgages thereon. He said he would release them for $1,000, which was paid him by the purchaser of the lot. The bank had a second mortgage on the lot amounting to $458.48. Peterson paid this to the bank out of the $1,000 received and deposited the balance to his own personal account, which account was overdrawn long before any officer or employee of the bank other than Peterson had any knowledge that the released mortgage did not in fact belong to Peterson. The court entered judgment against the bank for the amount of $458.48 and interest, being the amount paid for its mortgage, from which judgment the plaintiff appealed.

For the appellant there was a brief by *J. C. Davis* of Hayward, attorney, and *Sturdevant & Farr* of Eau Claire, of counsel, and oral argument by *L. M. Sturdevant.*

For the respondent there was a brief by *Clarence C. Coe & Arthur E. Coe* of Barron, and oral argument by *Clarence C. Coe.*

VINJE, J.    Plaintiff makes some attack on the findings of fact which we deem not well taken because there is practically no dispute in the evidence and it sustains the findings made. He further claims that notice to Peterson that he did not own the mortgage was notice to the bank of that fact and hence the money deposited by Peterson from the proceeds of the release was known by the bank not to belong to Peterson and it should not have allowed him to check it out for his individual use. That in doing so it became liable to plaintiff for the amount. This claim seems to be based upon the idea that in releasing plaintiff's mortgage Peterson was acting in behalf of the bank and was transacting the

bank's business. There is no evidence to sustain such claim and it is contrary to the court's findings. In making the release Peterson was transacting his individual loan business, and in making the deposit he stood in the same relation to the bank as any other depositor. The bank had a right to assume that the money realized from the release belonged to Peterson. Its second mortgage was not due and it was not asking for payment thereof, but when Peterson tendered payment it received it and surrendered its mortgage. And as to this transaction the circuit court held that Peterson was acting for the bank and entered judgment against the bank for the amount received by it. The case of *Mitchell St. State Bank v. Schaefer,* 169 Wis. 543, 173 N. W. 330, is relied upon as an authority showing the bank's liability. But in that case the bonds converted by the cashier belonged to the bank as collateral security. They were taken for its benefit, and of course the bank could not escape liability by showing that one of its officers had wrongfully converted them to his own use. Here the money deposited by Peterson, so far as the bank knew, belonged to Peterson; and the bank, as it had a right to do, treated it as such and permitted Peterson to check it out like any deposit made by any other depositor. The releasing of the two mortgages, though made at the same time and with Peterson alone, were in fact two separate transactions. As to the first mortgage Peterson acted as the agent of plaintiff alone, as he had a right to do according to their established custom. The bank had no interest in this transaction and could not be charged with notice of the fact that it was not Peterson's mortgage. As to the second mortgage Peterson acted as the agent of the bank, and the court held the bank liable for the money it received through this transaction. This certainly was as far as justice required it to go. The case comes well within the rule announced in *In re Plankinton Bank,* 87 Wis. 378, 58 N. W. 784, to the effect that a bank is not chargeable with knowledge of the ownership of moneys collected by one

of its officers in his private loan business and deposited by him in the bank to his private account, though it had notice that he conducted a loan business, collected money for others, deposited only in that bank, and kept no separate account. The money here in dispute was drawn out by Peterson long before the bank had any knowledge that plaintiff claimed it. The court therefore properly refused to enter judgment for plaintiff for any part of such deposit.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*).    The vendors and vendees of the real estate in question, desiring to clear the title of it from both the first and second mortgages, went to Peterson, an official of the bank, with reference to such entire purpose.

While acting as such official of the bank Peterson was bound to know, both in his individual capacity and in his official capacity, if the two must be considered separately, that a payment in full of the first mortgage could not be safely made by the persons dealing with him except and unless payment was made to the person having physical possession of the note and mortgage.    *Bautz v. Adams,* 131 Wis. 152, 157, 111 N. W. 69; *City Bank v. Plank,* 141 Wis. 653, 659, 124 N. W. 1000.

The note and mortgage had been sent by Peterson to the plaintiff and were then held by him.    Peterson, knowing these things and that the bank was not entitled to its second mortgage until and unless there was a release of the first mortgage, permits the funds of the bank to be used for the purpose of clearing the title and permitting the bank to get its money.    The bank accepts the benefits of the transaction performed by its agent, receives its money in effect ahead of the first mortgage, and ought not to be permitted to separate that which was one indivisible transaction into two. The bank was chargeable with knowledge that Peterson was engaged in the real-estate business on his own behalf and so dealing while also an official of the bank.    Having permitted

him so to act, it ought not to be heard to say that the knowledge he had in his mind at the time he acted for them could be separated into two parts, one good for them and the other bad for the plaintiff, realize on the one and repudiate the other.

There seems a substantial difference between the facts in the case at bar and that disclosed in the case cited in the majority opinion of *In re Plankinton Bank,* 87 Wis. 378, 58 N. W. 784, for in that case there was no intermingling of the private transactions of the officer with those done in his capacity as an officer of the bank.    The bank there was not, as here, interested at all in the results of such transactions.

I think the case is ruled in favor of the plaintiff by the decision in *Mitchell St. State Bank v. Schaefer,* 169 Wis. 543, 173 N. W. 330.    See, also, *Union Inv. Co. v. Epley,* 164 Wis. 438, 160 N. W. 175; *Tesene v. Iowa State Bank* (Iowa) 173 N. W. 918.

The plaintiff should have been allowed to recover the full amount claimed.