## Obermeyer, et al. v. Phoenix Insurance Company of Hartford, Connecticut.

(Decided January 18, 1927.)

### Appeal from Campbell Circuit Court.

1. Insurance—Insurance Contracts Must be Most Strongly Construed Against Insurers, Especially Regarding Forfeiture.—Insurance contracts, framed by insurers, are to be most strongly construed against insurers and in favor of insured, especially where forfeiture is involved.

2. Insurance—Insurance Contract Covering Building, is Issued on Hazard Incident to Use to which it is Being Put when Insured — Insurance contract, covering building, is issued on hazard incident to use to which it is being put when and as insured.

3. Insurance—Clause, Providing for Forfeiture in Case Change of Possession Increases Hazard, Means if Owner Leases Building, Knowing Use Will Increase Hazard, Forfeiture Results.—Clause in fire insurance policy, providing for forfeiture where change in possession of insured building takes place, except change of occupants without increase of hazard, held to mean that, if owner leases building to be or with knowledge that it will be used for purpose that would increase hazard, change of possession avoids policy.

4   Insurance—Under Clause Providing for Forfeiture of Fire Policy, where Change of Possession Increases Hazard, Status, at Time of Change of Possession Only, Must be Considered.—Under clause in fire policy, providing for forfeiture where change of possession increases hazard, forfeiture occurs when change of possession takes place, and status obtaining at that time only may be looked to to determine whether there has been increase of hazard working forfeiture.

5.  Insurance—Acts of Tenant Increasing Hazard After Change of Possession Cannot be Considered on Question Whether Change of Possession Increased Hazard Working Forfeiture of Fire Policy, Unless Such Acts were Contemplated when Tenant Took Possession.—Under clause in fire policy providing for forfeiture, where change of possession increases hazard, acts of tenant after change of possession has taken place cannot be considered in determining whether change of possession increased hazard so as to avoid policy, unless such acts were contemplated at time of change of possession.

6.  Insurance—Answer, Alleging that Tenant Operated Moonshine Still in Building After Change of Possession, Held Not to State Defense Under Increased Risk Clause.—Answer, alleging that insured's tenant operated moonshine still in insured building after change in possession took place, held not to state defense under fire policy providing for forfeiture where change of possession increased risk.

GEORGE J. HEROLD for appellants.

HORACE W. ROOT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

A dwelling house owned by appellant, Harry J. Obermeyer, insured to the amount of $2,000.00 by appellee, Phoenix Insurance Company, of Hartford, Connecticut, was destroyed by fire. Appellant instituted this action on the policy, and appellee defended. By an amended answer appellee pleaded that the policy stipulated that "this entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void . . . if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise." It was alleged in substance, also, that at the time the insurance contract was issued the house insured was occupied as a dwelling house by insured; that it was

insured as such; that before the fire occurred which destroyed it insured moved from it and leased it to a tenant who took possession of it; and that the tenant, thereafter, without the knowledge or consent of insurer, manufactured moonshine whiskey therein, using a still of 275 gallons capacity. It was alleged that by virtue of those facts there had been a change of possession of the subject of the insurance with increase of hazard in violation of the quoted provision of the insurance contract which avoided it. Appellant filed a demurrer to the amended answer, which the trial court overruled, and upon his declining to plead further judgment for appellee was rendered on the pleadings. Hence the appeal.

This amended answer, while not separately paragraphed, was pleaded by appellee as a separate, independent and complete defense to appellant's cause of action.

It must be determined whether under the quoted clause the facts alleged constituted a defense to the cause of action on the insurance policy. We proceed to the question guided by the uniformly applied rule that insurance contracts, framed by insurers, are to be most strongly construed against them and in favor of the insured, especially where a forfeiture is involved.

The particular clause here involved does not appear to have been construed heretofore by this court. It must be determined first what was intended when it was provided that the policy shall be void "if any change take place in the possession of the subject of insurance except change of occupants without increase of hazard." It will shed much light on the question if it be determined first when the forfeiture occurs. As to that there is no room for difference of opinion. Clearly the forfeiture under this clause occurs when the change of possession takes place, and at no other time. That being true it necessarily follows that only the status then obtaining may be taken into account in determining whether a forfeiture has occurred.

Further, under this forfeiture clause, appellee does not contend, and evidently it was not intended that the personal equation should be considered as an incident of the increase of hazard or none upon a change of occupants. The clause itself clearly contemplates that there may be a change of possession by a change of occupants.

It is provided in the face of the policy: "If the building hereby insured is occupied by tenants this insurance shall also cover under ·this item, if the property of owner of building and not otherwise insured, floor coverings, mirrors, etc." No particular grade but merely "mine run" tenants or occupants seem to have been contemplated.

An insurance contract, covering a building, is issued upon the hazard incident to the use to which it is being put when and as insured. Undoubtedly if the owner leases an insured building to be or with knowledge that it will be used for any purpose that would increase the hazard the change of possession so effected would avoid the policy under this forfeiture clause. That seems to be the purpose of and what was intended by the clause in question.

We then reach the question whether the facts alleged in the amended answer constitute a defense to the action on the policy. As we have seen the forfeiture under this clause occurs when the change of possession takes place. The status then obtaining and that only may be looked to to determine whether there has been an increase of hazard working a forfeiture. It necessarily follows that nothing done by the new occupant after the change of possession has taken place may be considered in determining whether the change of possession was with increase of hazard so as to avoid the policy unless it be established that it was an incident of the status *in quo* when the change of possession took place. Acts done by a tenant after change of possession can be held to be incidents of the status obtaining when the change takes place only when it is established that they were then contemplated. If thereafter a tenant puts the subject of insurance to uses not then contemplated, insurer must look to other provisions of the contract for relief.

The amended answer alleged that appellant's tenant operated a moonshine still in the insured building after the change of possession had taken place. There was no allegation that it was leased to him to be or with knowledge that it would be so used, or to be or with knowledge that it would be used for any purpose that would increase the hazard or for any other use than that to which it was being put when and as insured. Consequently, we conclude that the amended answer failed to state facts con-

stituting a defense. The trial court erroneously overruled the demurrer. Upon the return of the case the demurrer will be sustained, appellee may amend, and the case will proceed to trial upon the issues joined.

Reversed and remanded for proceedings consistent herewith.