## Colker v. Connecticut Fire Insurance Company.

(Decided February 4, 1927.)

### Appeal from Campbell Circuit Court.

1. Insurance—Maintenance by Tenant of Still Without Insured's Knowledge Held Not to Relieve Insurer from Liability; Provision for Avoiding Policy by Increased Hazard Not Being Applicable.— Where property owner, after taking out insurance, disconnected structure from remainder of chewing gum factory and leased it to

tenant for storage purposes, insurer held not released from liability for loss through fire by fact that tenant, without consent or knowledge of insured, operated still on premises; provision for avoiding policy because of increased hazard not relieving insurer from liability in such case.

2.  Insurance—Insurer Held Not Relieved from Liability for Fire Loss, Under Provision that Premises should Only be Used as Gum Factory, Through Tenant's Maintenance of Still Without Knowledge of Insured.—Where tenant of insured, without his knowledge or consent, operated still on insured premises, insurer held not relieved from liability for loss through fire by provision granting permission to use premises for chewing gum factory; increase of hazard within knowledge or control of insured or in violation of standard policy warranty being required.

HOWARD M. BENTON for appellant.

HORACE W. ROOT for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant, who was the owner of a building used by him as a chewing gum factory, insured it against loss by fire with the appellee in the sum of $3,000, represented by two policies, standard in form, one for $2,000, and the other for $1,000.  At the time this insurance was effected, a corrugated iron structure, which then formed a part of the factory building, was used by the appellant as a place of storage.  Thereafter he disconnected this corrugated iron structure from the main factory building, leaving a space of some 5 feet between them.  He then leased the corrugated iron structure to a tenant for storage purposes.  Later a fire destroyed all the buildings on the premises.  Learning that at the time of the fire the appellant's tenant had erected and then operated a large moonshine still in the corrugated iron structure he had leased from the appellant, the appellee declined to pay any part of its policies above mentioned.  Appellant thereupon brought this suit to recover on these policies.  The appellee defended under two clauses of the policies, one of which reads:·

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  .  .  .  if the hazard be increased by any means within the control or knowledge of the insured;  .  .  .  or if any change, other than by

death of an insured, take place in the interest, title
or possession of the subject of insurance (except
change of occupants without increase of hazard)
whether by legal process or judgment or by volun-
tary act of the insured or otherwise.''

And the other of which reads:

"Permission granted for such use of the
premises as is usual and incidental in the business,
as conducted therein, of chewing gum factory, and
when not in violation of any law, statute, or muni-
cipal restriction, to keep and use all articles and
materials usual and incidental to said business, in
such quantities as the exigencies of the business re-
quire."

Pausing, we may say that the words "chewing gum
factory" in this clause appear only in the $1,000 policy,
and do not appear in the $2,000 policy. With these
clauses as a base, the appellee averred in its answer that
the appellant either caused, suffered, or permitted the
moonshine still mentioned to be used and operated in
the building, or, if he did not so suffer or permit the
moonshine still to be so operated, his tenant did, and that
one of said statements was true, but which the appellee
did not know. It further averred that the installation
of this still increased the hazard to the property, that
it was not incidental or usual to the business of a chew-
ing gum factory, and that its installation was within the
control and knowledge of the appellant. By reply, the
appellant denied that he leased the premises to his tenant
for the purpose of installing therein a moonshine still,
and denied that he ever knew of or assented to the in-
stallation of the still. He also affirmatively alleged that
he leased the premises to his tenant for storage purposes
and that the installation therein of the still thereafter
was done by his tenant without his knowledge or assent.
A demurrer was sustained to this reply. Appellant de-
clined to plead further. Judgment was then entered for
the appellee on the pleadings, and appellant appealed.

In the recent case of Harry J. Obermeyer v. Phoenix
Insurance Co. of Hartford, Conn., 217 Ky. 590, 290 S. W.
500, decided January 18, 1927, the facts were these: A
dwelling house owned by Obermeyer was destroyed by
fire. He had leased it to a tenant for dwelling house
purposes. This tenant, after entering into possession

of the leased premises, installed a still therein. In a suit on the insurance policy, the company defended under that clause of the standard form of policy relied upon in this suit, to the effect that the policy is void if any change takes place in the interest, title, or possession of the subject of insurance, except change of occupant without increase of hazard. The lower court, being the same one from which this case is appealed, sustained that defense of the insurance company. We held, however, that this clause itself clearly contemplates that there may be a change of possession by a change of occupants. Continuing our consideration of the relied upon provision, we said:

"It will shed much light on the question if it be determined first when the forfeiture occurs. As to that there is no room for difference of opinion. Clearly the forfeiture under this clause occurs when the change of possession takes place, and at no other time. That being true, it necessarily follows that only the status then obtaining may be taken into account in determining whether a forfeiture has occurred. . . . An insurance contract, covering a building, is issued upon the hazard incident to the use to which it is being put when and as insured. Undoubtedly if the owner leases an insured building to be or with knowledge that it will be used for any purpose that would increase the hazard, the change of possession so effected would avoid the policy under this forfeiture clause. . . . The forfeiture under this clause occurs when the change of possession takes place. The status then obtaining and that only may be looked to to determine whether there has been an increase of hazard working a forfeiture. It necessarily follows that nothing done by the new occupant after the change of possession has taken place may be considered in determining whether the change of possession was with increase of hazard so as to avoid the policy, unless it be established that it was an incident of the *status in quo* when the change of possession took place. Acts done by a tenant after change of possession can be held to be incidents of the status obtaining when the change takes place only when it is established that they were then contemplated. If thereafter a tenant puts the subject of insurance to uses not then contemplated,

insurer must look to other provisions of the contract for relief."

Applying the principles of that case to the instant case, we find that under the allegations of the reply to which the demurrer was sustained, it appears that the appellant did not know or contemplate that his tenant would install the still in the corrugated iron structure leased to the latter, that the appellant leased it to his tenant for storage purposes only, and that the installation of the still by his tenant was done without his knowledge or. assent. This being so, as the demurrer admits, the Obermeyer case controls and the provision of the policy relied upon will not serve to relieve the appellee from having to pay its policies of insurance.

Nor do we think the other clause relied upon is sufficient for that purpose: From its wording it is apparent that it does not prohibit any use of the insured premises other than that incidental to a chewing gum factory. It merely grants permission to use the premises for that purpose. For another use then to avoid the policy, it will have to be such as to cause an increase of hazard within the knowledge or control of the insured or in violation of the warranty appearing in the standard form of policies against the use of the premises for storing dynamite, gasoline, and other named articles set out in the policy. Although the $2,000 policy contained no designation of the business in this permissive clause, yet, even if it did as did the $1,000 policy, such clause would not serve to defeat a recovery in this case under the facts set out in the reply and admitted by the demurrer.

It results, therefore, that the lower court erred in sustaining the demurrer to the reply of the appellant, for which reason its judgment is reversed, with instructions to proceed in conformity with this opinion.