[No. 21603. Department Two. April 18, 1929.]

MAX RAGLEY et al., Respondents, v. NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant.[1]

[1]Reported in 276 Pac. 537.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondents.

PARKER, J.—The plaintiffs, Ragley and Neilsen, seek recovery upon a fire insurance policy issued by the defendant insurance company, insuring their dwelling house, situated in Seattle, against loss or damage by fire in an amount not exceeding one thousand dollars, for a three-year term beginning October 1, 1926; the dwelling house having been damaged by fire on May 14, 1927. Trial upon the merits in the superior court for King county, sitting with a jury, resulted in verdict and judgment awarding to the plaintiffs recovery in the sum of $466.67, as prayed for, from which the defendant has appealed to this court.

Following an appropriate description of the premises by name of street and house number in Seattle, the policy specifies the insurance as follows: "$1,000 on the shingle roof frame building, while occupied only for dwelling house purposes." Other portions of the policy specify a number of conditions, in part, as follows:

"This policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, . . . if the hazard be increased by any means within the control or knowledge of the insured, . . . or if any change other than by the death of an insured, take place in the interests, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or by judgment or by voluntary act of the insured, . . . or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

We quote these specific conditions as bearing upon the question of whether or not the general words, above

quoted, specifying the insurance "while occupied only for dwelling house purposes," shall be read literally and unqualifiedly.

At the time of the issuance of the policy, and until the damage of the house by fire, Ragley held legal title to the premises. During the same period, the premises were held by Neilsen under contract of sale from Ragley, Neilsen being entitled to possession and control of the premises under that contract. The policy was endorsed by appellant recognizing the existence of that contract and making loss, if any, payable to Neilsen and Ragley jointly.

On March 20, 1927, Neilsen rented the premises to one Wilson for dwelling house purposes. Wilson then commenced and continued to use the house exclusively for that purpose, in so far as Ragley or Neilsen was informed or had any cause to believe, until the house was damaged by fire on May 14, 1927. After the fire, proofs of loss were duly presented to appellant, and other insurance companies also liable upon concurrent insurance. An adjuster for the several insurance companies, including appellant, appraised the total fire damage to the house at $2,100, of which it is conceded $466.67 would be an obligation of appellant owing to Ragley and Neilsen, unless the policy was rendered void and appellant thereby absolved from liability by reason of the use of the premises other than for dwelling house purposes at the time of the fire. Appellant's sole defense is that, at the time of the fire, the house was used for the unlawful manufacture of intoxicating liquor.

 Counsel for appellant requested the trial judge to give to the jury the following instruction:

"You are instructed that, if you find from the evidence that the building covered by the policy of insurance in this action was being used as a place for the

manufacture of intoxicating liquor, your verdict in this case must be for the defendant."

The judge refused this request, but gave to the jury the following instruction:

"You are instructed that, if you find from the evidence that the building covered by the policy of insurance in this action was being used generally as a place for the manufacture of intoxicating liquor or that one of its principal uses was such manufacture of intoxicating liquor, then your verdict in this case must be for the defendant."

It is contended that this gave to the jury an erroneous view of the meaning of the words "while occupied only for dwelling house purposes," used in the policy as descriptive of the insurance. It is argued that, to render the policy void, the proof need go no farther than to show that intoxicating liquor was manufactured in the house at the time of the fire, though not to the extent of such manufacture being one of the principal uses of the house.

It seems to us that this contention is not sound. When we consider the great number of uses which may be made of a house, and things which may be done therein incident to its occupancy as a home, it at once becomes apparent that the words "occupied only for dwelling house purposes" are not capable of very exact meaning or application. We are of the opinion that the trial judge correctly instructed the jury, and correctly refused to give the unqualified instruction requested by counsel for appellant.

This conclusion finds support in the rule adopted by this court, in harmony with the rule generally adhered to by the courts, that uncertainty of application in the meaning of the language of an insurance policy, especially language therein intended to provide for forfeiture of the rights of the insured, is to be con-

strued favorably to the insured. *Port Blakely Mill Co. v. Springfield Fire & Marine Ins. Co.,* 59 Wash. 501, 110 Pac. 36, 140 Am. St. 863, 28 L. R. A. (N. S.) 596; *Mountain Timber Co. v. Lumber Ins. Co.,* 99 Wash. 243, 169 Pac. 591.

It is contended that the evidence is such as to call for a disposition of the case upon the merits in favor of appellant, as a matter of law, and that the trial court should have so adjudged in response to appellant's motion for judgment notwithstanding the verdict. There was some rather convincing testimony to the effect that Wilson, who was occupying the house as Neilsen's tenant, was, at the time of the fire, manufacturing intoxicating liquor therein; but we think the evidence was not such as to call for deciding as a matter of law that intoxicating liquor was being manufactured in the house as one of the then principal uses of the house.

We have this additional fact appearing in the evidence, so as to warrant the jurors in believing, as they evidently did, that the house was rented by Neilsen to Wilson for dwelling house purposes; that neither Ragley nor Neilsen had any cause to believe that the house was going to be used for any other purpose; and that neither of them had any cause to believe, at any time up to the time of the occurrence of the fire, that the house was used for any other purpose. Under such conditions, neither Ragley nor Neilsen would be chargeable with the manufacture of liquor in the house at the time of the fire, even though such manufacture was such as might, as against the tenant Wilson, be regarded as one of the principal uses of the house by Wilson. *Nebraska & I. Ins. Co. v. Christiensen,* 29 Neb. 572, 45 N. W. 924; *Obermeyer v. Phoenix Ins. Co. of Hartford,* 217 Ky. 590, 290 S. W. 500; *Colker v. Connecticut Fire Ins. Co.,* 218 Ky. 124, 290 S. W. 1073.

550

The policy seems plainly to contemplate that the house might be occupied by a tenant. We think the duty of Ragley and Neilsen went no further than that they would not rent the premises to anyone other than for "dwelling house purposes," and would not knowingly permit its use for any other purpose.

We conclude that appellant is not entitled to a new trial because of error in the instructions; also, that appellant is not entitled to judgment notwithstanding the verdict.

The judgment is affirmed.

MITCHELL, C. J., MAIN, MILLARD, and FRENCH, JJ., concur.

