JOSLIN and another, Appellants, vs. NATIONAL RESERVE INSURANCE COMPANY OF ILLINOIS, Respondent.

JOSLIN and another, Appellants, vs. AMERICAN NATIONAL FIRE INSURANCE COMPANY OF COLUMBUS, OHIO, Respondent. [Two cases.]

*March 31—April 29, 1930.*

*Allan V. Classon* of Oconto, for the appellants.

For the respondents there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

FRITZ, J.   The fire in question originated in the basement of the insured apartment house, which was owned by Hettie J. Joslin and occupied by several tenants.   She collected the rents and occasionally went to the building, but never went into the basement.   She employed a janitor to look after the building and apartments, clean the stairways, and attend to the heating plant which was in the basement. Tenants had access to the basement, but did not make use of the laundry facilities.

As found by the jury, upon ample evidence, the fire was caused by the operation, in the basement, of a still which was used in unlawfully manufacturing alcoholic liquor for illegal purposes and which increased the fire hazard of the building.   There was no finding, and no evidence, that the plaintiffs had any notice or knowledge of the presence or use of a still in the basement.   However, the jury did find that

the presence and use of the still was acquiesced in by plaintiffs' agent under circumstances which made it reasonably apparent to him that the still was intended to be operated. However, neither that finding, nor the evidence in these cases, admitted, as a matter of law, of imputing to the plaintiff Joslin that knowledge of her agent.

There is no proof whatsoever as to who operated the still. Under the evidence it is wholly conjectural as to whether it was operated by the janitor, or by tenants, or other persons. If it was operated by any one else than the janitor and not for his benefit, his knowledge thereof, under the circumstances attending his lawful employment by Joslin, would be imputed to her. However, if it was operated by the janitor, or for his use or benefit, without actual knowledge or notice thereof on the part of the plaintiffs, then such operation or use by the janitor was foreign to and beyond the scope of his lawful employment, and the presumption that the knowledge of or notice to the agent is notice to the principal does not apply.

"Beyond the scope of his employment, the agent is as much a stranger to his principal as though he were a third person." Mechem, Agency, § 737.

"The rule that the principal is affected with knowledge acquired by the agent in the transaction to which his agency relates is based upon the duty of the agent to disclose to his principal all knowledge and information he possessed at the time, or acquired in relation to the subject matter of the agency, and the presumption is that he communicates it accordingly; but he cannot be expected to communicate information which, from his relation to the subject matter, he would not disclose; and where his relation to the previous transaction is such as would be sufficient to induce him to withhold the information the presumption of its communication is rebutted." *Cole v. Getzinger,* 96 Wis. 559, 576, 71 N. W. 75. See, also, *In re Plankinton Bank,* 87 Wis. 378, 384, 58 N. W. 784; *Hathaway v. Arnold,* 157

Wis. 22, 30, 145 N. W. 780; *Swennes v. Citizens State Bank,* 170 Wis. 197, 199, 174 N. W. 457.

In *Doscher v. State,* 194 Wis. 67, 214 N. W. 359, in connection with holding that a proprietor, licensed to sell nonintoxicating liquor, was not criminally liable for the conduct of a bartender who unlawfully had intoxicating liquor on the premises, this court said:

"We deem that doctrine not applicable here because the possession of the agent here was not within the scope of his employment. It was no more part of this employee's duty to obtain or have unlawful liquor than to have unlawful possession of drugs or burglar tools. . . . Here the defendant as employer did not confer upon the one left in charge of the premises any power, authority, or means for any such violation. The act of the employee in going outside of the premises and obtaining the forbidden alcohol was a stepping outside of any express or implied authority given him by defendant. For such an act, entirely independent of and beyond the purpose of the employment, the defendant ought not to stand charged merely because of an existing relationship of master and servant for an entirely different and lawful purpose."

The matter of notice or knowledge chargeable to the plaintiffs is of crucial importance in these cases, because the only defense finally relied upon was that the increase of the hazard voided the policies under the provision:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, . . . while the hazard is increased by any means within the control or knowledge of the insured."

Under that provision a policy does not become void merely because the hazard is increased. To render it void the increase in hazard must be by means which were actually within the control or knowledge of the insured; and only such means are considered within the control of the insured as he has knowledge of. The insured's duty to control, in

order to avoid an increase of hazard by any means, applies only to means of which he knows.

"Where the policy contains a condition avoiding it if the property is so used as to increase the risk by any means within the knowledge or control of insured, the act of a third person without the knowledge of insured will not avoid the policy." 26 Corp. Jur. p. 221.

As stated in *North British M. Ins. Co. v. Union S. Co.* 120 Ky. 465, 87 S. W. 285:

"In the policy being considered the stipulation is not in any sense a warranty; on the other hand, it admits, at least by implication, that extrahazardous use may be made of the insured building without the policy being affected, for it is provided that the policy will be voided only in the event the 'hazard be increased by means within the control or knowledge of the assured.' If the assured was ignorant of it, although it was a matter which he might have controlled, had he known of it, the policy is not affected; or, although he knew of it, yet if it was a thing beyond his control, neither is it affected. Such seems to us to be the reasonable construction of the language as setting forth the intention of the parties."

In *Royal Exchange Assur. v. Thrower,* 240 Fed. 811, the court said:

"The language here is, 'any means within the control or knowledge of the insured.' To control the matter it would seem to be necessary that Thrower should have had some knowledge of what was being done in this building. It does not seem to me that an owner can be held to the duty of controlling that of which he does not know."

Consequently, in order to defeat recovery on the policies by reason of the increased hazard, it is incumbent upon the insurer to establish that the insured had knowledge of the means by which the hazard was increased, or was chargeable with such knowledge. Knowledge or acts of tenants, of which the insured has no knowledge, do not defeat a recovery on the policy.

"Where, however, the policy was conditioned to be void

in case of any changes within the 'control or knowledge' of the insured, it was held that acts of tenants in violation of the conditions of the policy, and of which the insured had no knowledge, would not defeat a recovery on the policy." 4 Joyce, Insurance, § 2222.

See, also, 2 Beach, Insurance, § 712; *Fayle v. Camden Fire Ins. Asso.* 85 Mont. 248, 278 Pac. 509; *Colker v. Connecticut Fire Ins. Co.* 218 Ky. 124, 290 S. W. 1073; *Nebraska Ins. Co. v. Christensen,* 29 Neb. 572, 45 N. W. 924; *Ragley v. Northwestern Ins. Co.* 151 Wash. 545, 276 Pac. 537.

Of course, if the proof had shown that the still was operated by a tenant, to the knowledge of the janitor, but without his participation, or profit or benefit to him, then his knowledge would have been imputed to his employer. Because of the absence of such proof, it is, as hereinbefore stated, wholly conjectural as to whether or not the knowledge which the jury found that the janitor had of the presence and use of the still was acquired by him under such circumstances as to be imputable to his employer.

With the evidence in such conjectural state, it will not admit of a finding either way; and as the burden of proof as to that issue is upon the defendants, there is no reliable basis for finding or concluding that the means by which the hazard was increased were within the knowledge or control of the plaintiffs. *Industrial H. & E. Co. v. Austin,* 200 Wis. 367, 228 N. W. 503, 505, and cases cited. Because of the failure ·of proof in that respect, the defendants failed to establish their defense, and plaintiffs are entitled to recover under the policies.

*By the Court.*—Judgment reversed, with directions to enter judgment for plaintiffs for the amount of damages stipulated by the parties.