ENNIS, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY AND LIGHT COMPANY, Respondent.

*September 17—October 14, 1930.*

For the appellant there was a brief signed by *Rubin & Zabel,* and oral argument by *R. R. Stauff,* all of Milwaukee.

For the respondent there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

FOWLER, J. The appellant contends that the questions involved in findings (3) and (4) were jury questions. If so, the court erred in changing the jury's findings and judgment should have been entered for the plaintiff.

The testimony does not show how long the step had been coated. The operator of the car testified that he removed ice or snow from the step before the beginning of the trip on which plaintiff was injured. While his testimony is somewhat indefinite as to just what he did, there is no evidence to dispute that he cleared the step properly. The plaintiff does not claim to have noticed ice on the step on boarding the car. She got off the front end and doubtless got on the front end, as it was a one-man car, and she would naturally get on in front to deposit her fare. The temperature was below but close to the freezing point. It had been snowing and sleeting. The storm had abated but had left snow or ice on top of the car which was melting from the car heat and water was dripping from the roof. The car step lifted and stood vertical with the closing of the car door. It was down only while the door was open for entry or exit of passengers. While the door was open water dripped onto the step. Water was on the car track in places.

Spray or splashing water could get between the upright step and the side of the car as the car moved along the street. Water might stick to the step and freeze in a few moments, perhaps while passengers were alighting, perhaps while the car was moving from one street to another between stops.

The finding of the jury that the icy condition had existed on the step long enough so that the defendant should have discovered and removed it before plaintiff alighted seems to us to rest only upon conjecture and speculation. A verdict so resting cannot stand. *Gardner v. Chicago & M. E. R. Co.* 164 Wis. 541, 159 N. W. 1066. The burden was on the plaintiff to prove negligence of the defendant. That burden is not lifted "by merely producing proof which, in some reasonable view of it, establishes a legitimate theory of actionable wrong, but with no greater certainty, from any fair viewpoint, than an opposing theory, grounded on the evidence, of no such wrong." *Samulski v. Menasha P. Co.* 147 Wis. 285, 133 N. W. 142. The most that can be said is that it is as fair an inference that the step had been in the icy condition shown for a considerable time as that the condition was of no considerable duration; that the evidence is in such conjectural state as not to permit of a finding either way. *Joslin v. National Reserve Ins. Co.* 201 Wis. 506, 230 N. W. 711.

Cases are cited in the briefs that involved injuries sustained in slipping from car steps. These have been examined. The one most nearly in point is *Gardner v. Chicago & M. E. R. Co., supra.* The defect there claimed was not snow or ice, but what is said in the opinion as to lack of evidence of its duration is applicable. The cases cited mostly involved accidents in alighting from snow or ice covered steps of coaches of steam railroad passenger trains. In some of them there was testimony of "old ice" or snow that had fallen or ice that had formed before the coach was put in use for the trip on which the accident occurred, in which

cases time to discover and remove the dangerous condition was manifest. Some of them deal with trains in transit from which attendants alight ahead of passengers and have opportunity to observe dangerous conditions developing between stations, and involve dangerous conditions shown to have existed at a station reached before the one at which the injury was sustained, in which cases at least some considerable time and opportunity for discovery and removal appears. Even in cases of alighting from railroad trains in transit it is said in *Palmer v. Pennsylvania Co.* 111 N. Y. 488, 493, 18 N. E. 859: "The presence of snow or ice upon exposed places on moving cars is an accident of the hour, and no ordinary diligence could, during the presence of a storm, wholly remove its effects from the places exposed to its action," and that "it would be an unreasonable obligation" to require that "the effects of a continuous storm of snow, sleet, rain, or hail will (should) be immediately and effectually removed from the exposed platform of the car while making its passage between stations." The like was held respecting street cars in *Riley v. Rhode Island Co.* 29 R. I. 143, 69 Atl. 338:

"It would be unreasonable to hold that it was the duty of the defendant corporation to prevent the step from becoming slippery by the ingress of passengers during the passage of cars along its route. In a climate such as ours the effectual performance of such a duty would at times cause serious inconvenience to the traveling public, and during the continuance of a storm would be impossible."

This is applicable to the instant case. While here the storm had abated, its recent effects were on the car roof and on the streets, and the dripping water and freezing temperature made a continuous condition comparable to a continuous sleet storm. To hold the defendant negligent for not inspecting the car step during a sleet storm or under the conditions here present every time the car stopped and

removing ice that had formed between stops before permitting passengers to get on or off the car, would make the operation of its street cars at such times impractical.

As findings (3) and (4) of the jury rest upon conjecture only, the trial court properly changed them. Under the amended findings negligence of the defendant does not appear and judgment for the defendant was properly entered.

*By the Court.*—The judgment is affirmed.

FAIRCHILD, J., took no part.