ELIZABETH DUNNE *vs.* THE CONNECTICUT COMPANY ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued October 6th—decided November 3d, 1937.

*Raymond E. Baldwin,* for the appellants (defendants).

*Philip Reich,* with whom was *Joseph Davidson,* and, on the brief, *Samuel Reich,* for the appellee (plaintiff).

PER CURIAM. The plaintiff recovered a verdict for personal injuries suffered when she fell because of slipping on the step of a public bus of the defendant company while she was entering it, and from the

denial of its motion to set the verdict aside the defendant has appealed. The plaintiff and her husband were about to take the bus on its trip toward the center of Stamford at a point a short distance from the terminus of the line. There was evidence which, if believed by the jury, would justify them in finding that there was a glossy layer of ice on the step extending along it some fifteen to eighteen inches, and covering it to a depth of fully five inches from the outer edge. The contention of the defendant is that there was no evidence from which the jury could find that the condition had existed for such a length of time that the defendant's agents and employees could be charged with notice of it, and that to hold the defendant liable in this case would be to impose upon it a duty continually to inspect the steps of its cars while in operation at a time when ice might form upon them. The jury might reasonably have found that the weather on the night of the accident and for some days before had been below freezing; that there was a considerable amount of snow on the ground, and there had been flurries of snow that day; that as the driver knew when the bus left to go out on the trip during which the accident occurred, or on the one before that, the defendant's car dispatcher had regarded conditions as likely to produce a dangerous situation; that he had put some rock salt upon the step; that only one passenger had boarded the bus after it left the terminus of the line to return to the city and previous to the accident; that, as an inference from this fact and from the nature of the ice upon the steps, the icy condition had been in existence when the bus turned back at the terminus; and that, while it was stopped there, the driver had alighted from it and returned to it, using the step. Upon such findings and particularly in view of the knowledge

the driver had of the possibility of a dangerous condition arising upon the step, the jury might reasonably have concluded that, in the exercise of that high degree of care incumbent upon him as an employee of a common carrier for hire, he should have discovered the patch of ice upon the step before the plaintiff fell and either remedied the condition or warned her of it as she started to enter the bus. *Connelly* v. *Connecticut Co.*, 107 Conn. 236, 237, 140 Atl. 121. The trial court was right in denying the motion to set the verdict aside.

There is no error.