DOROTHY BYRNE *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 6th—decided November 3d, 1937.

*Raymond E. Baldwin,* for the appellant (defendant).

*William Dorkin,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff recovered a verdict for injuries she claimed to have suffered as a result of a fall due to slipping upon the step of a public bus owned by the defendant, and the defendant has appealed from the refusal of the trial court to set that verdict aside.   The plaintiff took the bus in Bridgeport at about 6.15 p. m. on a February night to go to her home.   There was a large crowd of passengers on the bus, it made several stops and many left and some boarded the car before she reached her destination. She testified that as she was about to alight she saw ice on the step and as a result took hold of a handle at the side of the door, but that as she put one foot on the ground the other slipped on the ice, causing her to fall.   She described the ice as a small patch about three inches in diameter, and no other witness testified to having seen ice upon the step.   There was evidence and she claimed to have proved that it was raining, sleeting and freezing, and also evidence that there was snow on the ground which had a hard

crust, and icicles were hanging from the trees and wires. The only witness of the accident that she produced testified that he looked at the step and saw that it was wet but made no mention of ice upon it. There was no evidence that there had been any formation of ice on the step previous to the accident or that the driver knew there was any ice there or could have seen the patch described by the plaintiff from where he sat.

In *Connelly* v. *Connecticut Co.*, 107 Conn. 236, 140 Atl. 121, a case in which we sustained a recovery by a passenger who fell as a result of slipping upon the icy step of a trolley car, we said (p. 237) that under the facts of that case the defendant might be held liable because of the failure of its motorman to sand the step or to warn passengers of the danger due to its condition; but in that case for an hour before the accident rain had been falling and freezing on exposed surfaces, the step of the car had been sanded before it left the terminus of the bus line about half an hour before the accident and not thereafter, and, as the record of the case shows, the motorman knew that ice had formed on the step. 330 Supreme Court Records and Briefs, p. 542. Negligence in the case before us could not be predicated upon the failure of the bus driver to give the plaintiff any warning because she herself saw the ice before she stepped upon it. The bare description she gave of the ice, as a small patch three inches in diameter which felt hard when she stepped upon it, in connection with the fact that many people had been getting on and off the car, would not permit an inference that the ice had been on the step any particular length of time; it might have been caused by the passengers who boarded the car at the preceding stop or have formed after that stop. The only basis of negligence would be that the driver in the course of

the operation of the bus should have taken the precaution to examine the step just before she alighted and to see if there was ice upon it. Translated into terms of duty, this would mean that the driver was under an obligation at every stop the bus made to examine the step. Under the existing conditions this was too high a measure of care to impose upon the defendant. *Labrie* v. *Donham,* 243 Mass. 584, 138 N. E. 3; *Ennis* v. *Milwaukee Electric Ry. & Lt. Co.,* 202 Wis. 277, 232 N. W. 540; *Riley* v. *Rhode Island Co.,* 29 R. I. 143, 145, 69 Atl. 338; *Caywood* v. *Seattle Electric Co.,* 59 Wash. 566, 571, 110 Pac. 420; *Palmer* v. *Pennsylvania Co.,* 111 N. Y. 488, 493, 18 N. E. 859.

The situation presented in this case is essentially different from that before us in *Dunne* v. *Connecticut Co.,* 123 Conn. 680, 195 Atl. 183, where the plaintiff did not see the ice on the step of the bus until she slipped upon it, the ice covered a substantial portion of the step, its nature indicated that it had been there some considerable time and the driver himself used the step shortly before the accident and had had every opportunity to see it.

There is error; the judgment is set aside and the case remanded with direction to set the verdict aside.

In this opinion the other judges concurred.