RIESCHL, Respondent, vs. WISCONSIN MICHIGAN POWER COMPANY, Appellant.

*October 10—November 8, 1940.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee and *Homer H. Benton* of Appleton, and oral argument by *Mr. Benton*.

For the respondent there was a brief by *McKenzie & Fink* of Menasha, attorneys, and *Drought & Drought* of Milwaukee of counsel, and oral argument by *Ralph J. Drought*.

MARTIN, J.   The only error relied upon by the defendant is the refusal of the court to grant defendant's motion to change the answer of the jury to question number three from "Yes" to "No," and to enter judgment dismissing plaintiff's complaint on the merits.   Defendant concedes that there is

credible evidence to sustain the jury's finding as to the first and second questions of the special verdict, that is, that there was a defect at the time in question in the step of defendant's bus due to the formation of ice thereon, and that such defect was a proximate cause of the plaintiff's injury. But defendant contends that there is no evidence that the defect in the step of the bus had existed for such a period of time as to give defendant a reasonable opportunity to discover same and remove it. This necessitates a review of the facts.

It appears that the bus in question was equipped with a folding door which is kept closed while the bus is in motion. The door is located on the right side of the bus near the right front corner opposite the operator's seat, the bottom of the door being flush with the surface of the first step when closed. Upon entering, passengers step from the ground onto the step, about thirteen inches, and then onto the floor of the bus, the floor of the bus thus constituting the top step. The step is made of steel, is stationary, and is on the inside of the bus.

The bus came into defendant's garage about 12:30 a. m. on the morning of February 25, 1939, where it was swept and cleaned, and its steps were cleaned so that when it was taken out at 5:45 a. m. there was no snow or ice on the bus or its steps. During the night the temperature was four degrees below zero while inside the garage it was not lower than sixty-five degrees. The bus left Appleton at 6 a. m. on its regular trip to Neenah, back through Appleton to Kaukauna, and then back to Appleton again, where it started its second trip' to Neenah at 8 a. m. Plaintiff, who lives at Menasha, had boarded the bus at a street corner near her home at about 8:23, and arrived at Neenah about 8:30 a. m., at which time and place she sustained her injury. There is no testimony as to the number of passengers the bus carried on either its first or second trip. There is testimony to the

effect that when the bus stopped at Neenah at the place where plaintiff got off, that about fifteen passengers preceded her in leaving the bus and a few got off after her. The bus was at a standstill as the passengers got off. It was a clear, cold morning; there had been no snow during the night. The temperature at this time was about zero.

We must accept the fact as found by the jury that there was a formation of ice on the step of the bus which caused the step to be in a defective condition at the time plaintiff got off, and that such defective condition was a cause of the plaintiff's injury. There is no testimony as to the length of time this accumulation of ice was on the step. No witness, excepting the plaintiff, observed any ice upon the step at or before the time she slipped and fell. When she entered the bus at Menasha she did not observe any accumulation of ice on the step.

Defendant argues that liability cannot be predicated upon the mere presence of the ice upon the step at the time of the accident; that presumptions do not run backward. Of course the defect, the presence of the ice upon the step, must exist for such a length of time that in the exercise of ordinary care defendant should have discovered it and removed it, or put sand upon the step so as to remove the slippery condition. It is the natural inference that the ice did not form instantaneously. It must have been there for some period of time. *Akin v. Chicago & N. W. R. Co.* (8th Cir.) 21 Fed. (2d) 1000.

The operator of the bus testified that from where he sat he was able to see the steps of the bus. The bus door was to his immediate right and a little ahead of his seat which was somewhat elevated. The bus operator could and did see the steps at the time the plaintiff got on and off. He testified that on both occasions there was no snow or ice on the steps. The jury has found to the contrary. Defendant does not

challenge that finding on this appeal. So upon the operator's own testimony, in the exercise of ordinary care, he should have discovered the icy condition of the steps before the plaintiff alighted from the bus. He further testified:

"I carry sand on my bus. The purpose of carrying sand is to assist the bus in starting if it gets on an icy spot and also to use on the steps when there is wet snow. People will carry wet snow into the bus and then we clean the steps and put sand on them. We have a gallon pail that is kept full of sand that we carry. It is necessary to clean the steps of the bus only when the snow is wet and sticks to the shoes and they carry it in. Dry snow doesn't bother."

It is obvious that if it is necessary to put sand on the steps of the bus when there is wet snow in order to provide for the safety of passengers in getting on and off the bus, in the exercise of ordinary care, the same precaution should be taken when the steps are in a slippery condition due to the presence of an accumulation of ice thereon.

"If there is any credible evidence, which under any reasonable view will support or admit of an inference for or against the claim or contention of any party, then what is the proper inference to be drawn therefrom is for the jury and the court should not assume to answer such questions by substituting another answer after the verdict is returned." *Borg v. Downing,* 221 Wis. 463, 465, 266 N. W. 182.

The appellant contends that the instant case is ruled by *Ennis v. Milwaukee E. R. & L. Co.* 202 Wis. 277, 232 N. W. 540. In the *Ennis Case* the plaintiff sustained injuries in slipping while alighting from defendant's streetcar. It had been snowing and sleeting, causing snow and ice to accumulate on top of the car which, at the time in question, was melting from the car heat and water was dripping from the roof. The car step lifted and stood vertical with the closing of the car door. It was down only while the door was open

for entry or exit of passengers. While the door was open water dripped onto the step. Water was on the car track in places and sprays or splashing water could get between the upright step and the side of the car as the car moved along the street. Water might stick to the step and freeze in a few moments, perhaps while passengers were alighting, perhaps while the car was moving from one street to another between stops. The motorman could not see the step of the street-car when the door was closed because the step was lifted and stood vertically. In the instant case, the operator of defendant's bus could see the step at all times when the door was open or closed. He is very positive in his testimony that he did see the steps at all times while taking on and letting off passengers. So, accepting the jury's finding that there was a defect at the time in question in the step of defendant's bus due to a formation of ice thereon, which the plaintiff accepts and which we must accept as an established fact in the case, it is obvious that the bus operator failed to observe the icy condition of the steps. Thus the jury might well draw the inference that in the exercise of ordinary care the operator of the bus ought to have known of the defective condition in time to have prevented the injury to the plaintiff. The jury by its answer to the fourth question of the special verdict found that defendant was guilty of a want of ordinary care in failing to remove such ice. We cannot say that there is no credible evidence to sustain the jury's finding.

*By the Court.*—Judgment affirmed.