MARGARET McCARTHY
*vs.*
THE CONNECTICUT CO.

Superior Court      New Haven County      File No. 64110
(at Meriden)

MEMORANDUM FILED JULY 24, 1944.

*Frederick S. Harris,* of Meriden, for the Plaintiff.

*Edwin H. Hall,* of New Haven, for the Defendant.

MUNGER, J. The plaintiff suffered a compound fracture of her ankle as a result of a fall while alighting from a bus òf the defendant in Meriden, on January 29, 1943.

She was an employee of the General Electric Company and boarded the bus that morning at 7:35 a.m. at East Main and Broad Streets. When the plaintiff entered there were at least 30 passengers in it. The bus stopped at the Railroad station where some passengers got off and some got on. The General Electric plant was the terminus of the bus run and all of the passengers in it were workers at the plant reporting for the 8 a.m. shift. When the bus reached the plant there were from 20 to 30 passengers in it and they all got off.

On the day before the injury, January 28, 1943, there had been a heavy fall of snow of some eight to nine inches. Snow began falling at 6:10 a.m. and continued until noon. Sleet began at 6:01 p.m. On the day of the injury there had been, for the whole day, a temperature below freezing. It was 22°· at 6 a.m.; 30° at noon and 30° at 6 p.m.

The plaintiff says that when she boarded the bus there was snow packed down and ice on the step. There was no evidence of its extent or size. She testified also that she had no trouble in boarding the bus. When she got to the plant, she proceeded to alight, looked at the step, saw its condition was about the same, snow covered with ice, and she knew that the step was slippery and dangerous.

So far as appears from her testimony she asked no assistance of the driver nor asked him to remedy the condition. She took hold of the handrail, took one foot off the step, slipped with the other foot and was thrown forward on the ground.

The surface of the pavement on which the plaintiff had to step was glazed and slippery. Before the plaintiff and the other passengers alighted the driver of the bus called in a loud voice so all passengers could hear: "Watch your step, it is very slippery."

Plaintiff testified that eight or ten passengers got off the bus before her and no one of them slipped.

The step on which it is said plaintiff slipped was made of metal with a rough corrugated · surface. There were two heaters in the bus, one by the driver's seat. When the bus was in motion the door of the bus by the operation of the driver was closed.

The care required of the defendant as a common carrier of passengers is, of course, undisputed. It was obliged to exercise "the highest degree of care and skill which reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended." *Roden vs. Connecticut Co.*, 113 Conn. 408, 410.

With this standard of care in mind it cannot be found that the plaintiff has produced any fair preponderance of evidence to prove that it was not maintained.

If there was snow or ice on the step when the plaintiff boarded the bus which made the step slippery there is not a preponderance of evidence to show that the step was in that condition when plaintiff alighted. I think the evidence which plaintiff offered, as I have observed the witnesses, is fairly counterbalanced by the evidence of the defendant.

Rubano arrived at the scene shortly after the fall — at 7:55 a.m. Plaintiff was lying on the ground. He examined the step. It was wet but clear of snow or ice. He is an employee of the defendant; nevertheless, from my observation of the witness I give his testimony very great weight. The witness Byczinski, called by the plaintiff, did not notice any snow or ice on the step. She said she did not know if there was any. The witnesses Bachman and McCombe, produced by the plaintiff, testified there was snow or ice on the step. A witness called by plaintiff, Hertenstein, however, saw something white on the step but did not know what it was. None of this evidence in my opinion is sufficient to turn the scale in favor of the plaintiff, as I have observed the witnesses. The witness Gay, for the defendant, testified that the step was black, that it seemed wet, but there was no snow or ice on it, corroborating the testimony herein given by Rubano. This witness also saw plaintiff fall. He says she put one foot on the ground. The other foot was on the step. The description of the manner .of the fall may reasonably be considered as corroborating the statement of the driver of the bus that she slipped on the pavement.

There was no evidence that the driver knew the step was slippery, a fact especially noticed by the court in *Connelly vs. Connecticut Co.*, 107 Conn. 236, where a plaintiff's recovery was sustained as a result of a slippery step on a trolley car.

And in *Dunne vs. Connecticut Co.*, 123 Conn. 680, the driver had himself used the slippery step shortly before the accident.

In the instant case the warning of the driver cannot most certainly be taken as indicating any knowledge on his part that there was a slippery condition of the step itself as it is plain that the warning might have been intended to refer to the slippery pavement. In any event, in so far as plaintiff is concerned, negligence cannot be predicated on the part of the defendant because of any failure to give a warning since plaintiff herself testified that she knew of the condition of the step and that it was slippery and dangerous.

"Negligence in the case before us could not be predicated upon the failure of the bus driver to give the plaintiff any warning because she herself saw the ice before she stepped upon it." *Byrne vs. Connecticut Co.*, 123 Conn. 304, 306.

It seems clear that upon all the evidence plaintiff has been unable to establish the defendant's negligence.

The defendant suggests an additional reason why the plaintiff cannot recover to be found in the issue of her own contributory negligence. It may fairly be said that if her testimony could be accepted as stating the fact that she knew of the condition of the step when she boarded the bus and before she alighted she again noticed its slippery and dangerous condition, she might in the exercise of reasonable care have called upon the driver to assist her or requested that the slippery condition be remedied, but she chose voluntarily to make the adventure.

On the whole case it seems clear that judgment must be rendered for the defendant.